IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


DARRYL JAYVONN LEE,            §
     Petitioner,                  §
                         §
v.                            §            C.A. NO. C-07-476
                         §
NATHANIEL QUARTERMAN,         §
     Respondent.                  §


## MEMORANDUM AND RECOMMENDATION TO DENY
## RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST

     Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at

the Clements Unit in Amarillo, Texas.  On November 26, 2007, he filed this pro se

petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the Northern

District of Texas, Amarillo Division.  (D.E. 1).  On December 4, 2007, this action

was transferred to the Southern District of Texas, Corpus Christi Division.  (D.E.

4).  On January 16, 2008, respondent filed a motion to dismiss for failure to

exhaust state remedies.  (D.E. 13).  On January 28, 2008, petitioner responded to

that motion.  (D.E. 14, 15).  For the reasons stated herein, it is respectfully

recommended that respondent's motion be denied.

# I.  JURISDICTION

Petitioner was convicted and sentenced by the 156th Judicial District Court of Bee County, Texas in case number B-B-M012-0-OR-B-1.  (D.E. 1, at 2). Jurisdiction is proper in this Court because Bee County is within the Southern District of Texas, Corpus Christi Division.  See Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000); 28 U.S.C. § 124(b)(6); 28 U.S.C. § 2241(d).

# II.  PROCEDURAL BACKGROUND

On May 4, 2004, a jury convicted petitioner of committing assault on a public servant during a February 20, 1998 incident at Garza East Unit in Bee County, Texas.  (D.E. 1, at 2); Ex Parte Lee, No. WR-33,551-10, at 16.  The state court subsequently sentenced him to a twenty-year term of imprisonment.  Id.  On May 10, 2004, petitioner appealed, alleging that his rights to a speedy trial, and to not be subject to a disproportionate sentence, had been violated.  On August 4, 2005, the Texas Thirteenth Court of Appeals affirmed the judgment and sentence. Lee v. Texas, No. 13-04-239-CR.  On November 9, 2005, the Texas Court of Criminal Appeals denied petitioner's application for discretionary review.  Lee v. Texas, No. PD-1330-05.

On August 24, 2004, petitioner was extradited to Oklahoma City, Oklahoma to answer a sexual assault charge.  Lee v. Dretke, No. 2:05-CV-219, 2005 WL

2

3534202, at *1 (N.D. Tex. Dec. 22, 2005).  Those charges were dismissed on April

1, 2005.  Id.  Instead of being transported back to TDCJ-CID custody pursuant to

the Interstate Agreement on Detainers, petitioner was simply released on April 4,

2005.  Ex Parte Lee, No. WR 33,551-10, at 8.  However, in June 2005, Oklahoma

County detectives took petitioner into custody, and subsequently returned him to

TDCJ-CID custody.  Lee, 2005 WL 3534202, at *1.

On March 17, 2005, petitioner filed a state habeas application, alleging that

he was denied the right to a speedy trial in connection with his extradition.  Ex

Parte Lee, No. WR-33,551-09, at 5.  This petition was denied on July 27, 2005.  Id.

at cover.  On January 4, 2006, petitioner filed a state habeas application, again

challenging the circumstances of his extradition.  Ex Parte Lee, No. WR-33,551-

10.  He claimed that he was improperly denied an extradition hearing, denied

effective assistance of counsel, subjected to an improper search and seizure, and

subjected to double jeopardy.  Id. at 7-8.  This application was denied on

September 13, 2006.  Id.

On November 26, 2006, petitioner filed this action challenging his original

conviction and sentence on the grounds that he was denied conflict-free

representation, that the petit jury was unconstitutionally selected and empaneled,

that he was denied the right to a speedy trial, and that he was denied the right to

present favorable eyewitness testimony.  (D.E. 1, at 7-8, 12).  He also alleges

denial of the right to access the courts in connection with his state habeas

application.  Id. at 7.

### III.  DISCUSSION

**A.    Texas Prisoners May Exhaust State Remedies Through A Direct Appeal
         Or Through State Habeas Corpus Proceedings.**

Persons in custody pursuant to a state court's judgment must exhaust all

state remedies before filing a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A);

Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is

satisfied when the substance of each claim has been fairly presented to the highest

court of the state.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher, 169

F.3d at 302 (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982).

The petitioner must give the highest state court a fair opportunity to rule on the

claim, which requires the petitioner to present his claims in accordance with the

court's procedural rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per

curiam) (citing Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).  "This rule of

comity reduces friction between the state and federal court systems by avoiding the

'unseem[liness]' of a federal district court's overturning a state court conviction

without the state courts having had an opportunity to correct the constitutional

violation in the first instance."  O'Sullivan, 526 U.S. at 845 (citations omitted).

Generally, exhaustion in Texas may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) the petitioner may file a petition for state writ of habeas corpus.  Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985)).  Article 11.07 of the Texas Code of Criminal Procedure governs applications for habeas relief from felony convictions imposing penalties other than death.  First, a petition for state habeas is filed in the convicting court.  Tex. Code Crim. Proc. Ann. art. 11.07 § 3(b).  Upon filing, the clerk of that court is to serve the state's attorney, who must answer within fifteen days.  Id.  Within twenty days of the expiration of the time allowed to answer, the convicting court is to determine whether there are contested issues of fact material to the legality of petitioner's confinement.  Id. at § 3(c).  If there are, the court is to make the necessary findings and then transmit the petition to the Texas Court of Criminal Appeals.  Id. at § 3(d).  If there are no contested facts, or if the district court fails to act within the time allotted, the clerk is to immediately transmit the application to the Court of Criminal Appeals.  Id.

5

**B.      Respondent Has Not Established That His Motion Should Be Granted.**

The Rules Governing § 2254 Cases permit courts to authorize motions to dismiss for failure to exhaust.  Rules Governing § 2254 Cases, Rule 4, Advisory Committee Notes (where an answer is inappropriate, "Rule 4 authorizes the judge ... to authorize ... a motion to dismiss [on the grounds] that petitioner has failed to exhaust state remedies").  The Federal Rules of Civil Procedure may be applied to habeas proceedings "to the extent they are not inconsistent with any statutory provisions or [the Rules Governing § 2254 Cases]."  Rules Governing § 2254 Cases, Rule 11; accord Mayle v. Felix, 545 U.S. 644, 654 (2005); Caldwell v. Dretke, 429 F.3d 521, 528 (5th Cir. 2005); see also Advisory Committee Notes to Rule 11 (rule gives courts flexibility to "fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage" in habeas proceedings) (citing Harris v. Nelson, 394 U.S. 286, 299 (1969)).

Although Rule 12(b)(6) mentions only motions to dismiss "for failure to state a claim," it has been interpreted to generally authorize courts to dismiss claims on the basis of other dispositive points of law.[1]  Fed. R. Civ. P. 12(b)(6);

---

[1] The Fifth Circuit recently explained that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas."  Miramontes v. Driver, No. 05-41822, 2007 WL 2110933, at *1 (5th Cir. July 23, 2007) (per curiam) (unpublished).  However, the motion in Miramontes attacked the formal sufficiency of the plaintiff's complaint; it did not raise an affirmative defense specifically authorized by the Rules Governing § 2254 Cases.  Id.

Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted); accord

Pennzenergy Co. v. Wells, 31 Fed. Appx. 158, 2001 WL 1751405, at *9 (5th Cir.

Dec. 17, 2001) (per curiam) (unpublished) (quoting Neitzke, 490 U.S. at 326-27).

Indeed, the defense of failure to exhaust is raised in a motion to dismiss pursuant to

Rule 12(b)(6).  Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d

464, 467 n.4 (5th Cir. 2004) ("Rule 12(b)(6) forms a proper basis for dismissal for

failure to exhaust administrative remedies.") (citing Taylor v. U.S. Treasury Dep't,

127 F.3d 470, 476-78 & n.8 (5th Cir. 1997)).  Therefore, in habeas practice, a

motion to dismiss for failure to exhaust pursuant to Rule 4 is the functional

equivalent of a similar Rule 12(b)(6) motion in general civil practice.  See Purdy v.

Bennett, 214 F. Supp.2d 348, 353 (S.D.N.Y. 2002) (applying Rule 12(b)(6)

standards to motion to dismiss authorized by court pursuant to Rule 4 of the Rules

Governing § 2254 Cases).

When ruling on a motion to dismiss, a court must accept the plaintiff's

factual allegations as true.  Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000)

(citation omitted).  Courts consider these allegations in the light most favorable to

the plaintiff.  Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d

627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341

(5th Cir. 1994).  Indeed, a motion to dismiss should not be granted "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.1991) (quoting Conley).

Respondent argues that only one of petitioner's claims is exhausted because he never presented the others to the Court of Criminal Appeals, denying that court the opportunity to rule on their merits. (D.E. 13, at 3). The parties agree that only petitioner's speedy trial claim, which he raised on direct appeal and in his petition for discretionary review, has been presented to the Court of Criminal Appeals. Id. However, petitioner alleges that the Bee County Clerk of Court has refused to accept and file his state habeas application after receiving it on July 31, 2006. (D.E. 14, at 2). In support of this, petitioner has attached a printout from the United States Postal Service's website, along with a certified mail receipt. Id. at 4, 5.

Generally, "a plaintiff may assert additional facts in its response to a motion to dismiss" provided "they are consistent with the allegations in the complaint." Guaranty Residential Lending, Inc. v. Int'l Mortgage Ctr., Inc., 305 F. Supp.2d 846, 852 (N.D. Ill. 2004) (citations omitted). Indeed, a plaintiff is obligated to provide specific facts in response to a motion to dismiss. See Weller v. Cromwell Oil Co., 504 F.2d 927, 929-30 (6th Cir. 1974); nMotion, Inc. v. Envtl. Tectonics

Corp., 196 F. Supp. 1051, 1055 (D. Or. 2001) (citations omitted).  Here, plaintiff has not only alleged additional facts, but has also provided documentation supporting his allegation.

Viewing the facts alleged in the pleadings in the light most favorable to the petitioner, he may be able to show that the exhaustion doctrine does not bar his claims.  See, e.g., Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993) (unjustifiable delay in processing a state habeas application can be grounds for excusing petitioner from exhausting state remedies); Johnson v. Roberts, 95 F.3d 48, 1996 WL 405773, *2 (5th Cir. July 1, 1996) (per curiam) (unpublished) (same) (citing Deters).  Accordingly, it is respectfully recommended that respondent's motion to dismiss be denied.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss for failure to exhaust, (D.E. 13), be denied.

Respectfully submitted this 4th day of March 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).