IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE | § | |
| | § | |
| v. | § | C.A. NO. C-07-476 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

# MEMORANDUM AND RECOMMENDATION TO DENY MOTION TO DONATE ORGAN TO FAMILY MEMBER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion to donate an organ to a family member. (D.E. 32).

## I. BACKGROUND

At a telephonic hearing on July 2, 2008, petitioner testified that his father was ill, and awaiting a kidney transplant. He expressed a seemingly sincere desire to donate his own kidney. However, he was not sure whether he is a suitable donor. Indeed, he has not spoken with his father for approximately two years. He further indicated that he was unaware of any policy by the Texas Department of Criminal Justice ("TDCJ") regarding organ donations by inmates.

The TDCJ has issued a policy regarding organ donation. (D.E. 37, Attach.) (TDCJ Correctional Managed Health Care Policy Manual E-31.2, Organ Or Tissue Donation). The purpose of the policy is "[t]o ensure uniformity of eligibility of

offenders for voluntary access to organ or tissue donation." Id. at 1.

The policy establishes that "[t]he consent for organ or tissue donation, as well as the charges incurred in the preliminary testing and the actual donation process, are the sole responsibility of the donor, donor recipient, and organization financially responsible for the donation (including lab work, shipping, and all hospital charges)." Id. (emphasis in original). According to the policy, "[a]ll requests for offender participation in organ or tissue donation must be originated from the physician managing the organ recipient transplantation team. Access to the offender housing assignment and facility personnel will occur through the TDCJ Division Director for Health Services or designee." Id. "The transplantation team will be responsible for informed consent in writing. All donations are free and voluntary. The offender will receive no award or compensation in any kind for his donation...." Id. Furthermore, "[a]ll consents must include the potential organ of donation and whether the donation is to occur while the offender is alive or at death." Id. "The transplant team coordinator must contact the TDCJ Division Director for Health Services or designee to obtain permission and clearance to communicate with the offender." Id.

Except in limited circumstances, "[a]ll organ or tissue harvesting will occur at the TDCJ Hospital at Galveston." Id. at 2. "TDCJ will absorb the transportation

costs of the donor between the assigned facility and the TDCJ hospital at Galveston as well as normal costs of operational security at that hospital." Id.  The donor recipient or responsible organization must pay for security and transportation costs at any other facility.  Id.

At the hearing, Dr. Michael Kelly, Assistant Medical Director of TDCJ, explained the process by which petitioner may donate a kidney to his father consistent with the TDCJ policy.  Moreover, he indicated that the current TDCJ Division Director for Health Services is Dr. Lannette Linthicum, M.D.[1]

## II.  DISCUSSION

To the extent that an inmate seeks transfer, furlough, or release to donate a kidney, relief pursuant to a writ of habeas corpus is the appropriate remedy.  See generally Barron v. Keohane, 216 F.3d 692, 693 (8th Cir. 2000); Cardona v. Winn, 170 F. Supp.2d 131 (D. Mass 2001).  However, the Fifth Circuit has held that inmates have no constitutional right to donate organs.  See Campbell v. Wainwright, 416 F.2d 949, 950 (5th Cir. 1969) (per curiam).  Moreover, petitioner presented neither argument nor evidence that complying with TDCJ policy would cause him any undue hardship.

---

[1] Dr. Kelly testified that Dr. Linthicum's mailing address is 3009A Highway 30 West, Huntsville, TX 77340, and her office number is (936) 437-3537.

## III.  RECOMMENDATION

Accordingly, it is respectfully recommended that petitioner's motion to donate an organ to a family member, (D.E. 32), be denied without prejudice.

Respectfully submitted this 9th day of July 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).