UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRYL JAYVONN LEE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-07-476 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On July 9, 2008, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Petitioner's motion to donate an organ to a family member be denied. (D.E. 38.) The Magistrate Judge reviewed the Texas Department of Criminal Justice ("TDCJ") policy regarding organ donation by inmates, and found that "[P]etitioner presented neither argument nor evidence that complying with the TDCJ policy would cause him any undue hardship." (D.E. 38 at 3.) The Magistrate Judge, in denying Petitioner's motion, did not preclude Petitioner from donating an organ; rather, he merely denied Petitioner's request to donate an organ absent compliance with the procedures set forth by the TDCJ.

On July 16, 2008, Respondent filed objections to the Magistrate's Memorandum and Recommendation. (D.E. 40.) Respondent argued that the Magistrate Judge lacked jurisdiction to hear Petitioner's motion because Petitioner's motion did not allege a constitutional violation. (Id. at 2.) Specifically, Respondent argued that "the law of this circuit is that inmates have no constitutional right to donate organs." (Id. (internal quotation marks omitted).) To support its argument, Respondent cited Campbell v. Wainwright, 416 F.2d 949 (5th Cir. 1969), in which the Fifth Circuit affirmed the dismissal of a prisoner complaint, brought pursuant to 42 U.S.C. §

1983, requesting that the Director of the Division of Corrections "be ordered to permit him to undergo medical tests to determine whether he qualified as a potential kidney donor to a Florida youth." Id. at 950.

In Campbell, the Fifth Circuit affirmed the district court's dismissal of the aforementioned prisoner complaint, agreeing with the district court that a prison's decision to allow or disallow testing related to organ donation "[is] a matter of prison administration which the court [will] not superintend." Campbell, 416 F.2d at 950. The Fifth Circuit quoted its decision in Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969), stating:

> However invoked and regardless of the judicial tool employed to involve the Federal judiciary, our surveillance of state penal and correctional institutions has a limited spectrum. These institutions are not under the control of the Federal courts, and we "will not interfere with the conduct, management and disciplinary control of this type of institution except in extreme cases."

Campbell, 416 F.2d at 950 (quoting Granville, 411 F.2d at 12 (quoting Douglas v. Sigler, 386 F.2d 684, 688 (8th Cir. 1967))). The Fifth Circuit also noted that "[i]f he were free, the appellant would have the right to donate one of his kidneys to whomever he desired. He has no right to the relief he seeks, however, in consequence of his incarceration." Id. at 950.

The Magistrate Judge's decision in the present case comports with the Fifth Circuit's opinion in Campbell. The Magistrate Judge determined that Petitioner's request to donate an organ is a matter of prison administration that Petitioner must pursue through the channels established by the TDCJ. (D.E. 38.) Whether the Magistrate Judge styles this decision as a denial or a dismissal of Petitioner's request, the result is the same. If Petitioner wishes to donate an organ, Petitioner must follow the procedures set forth by the TDCJ.

Accordingly, the Court hereby adopts, as its own, the findings and conclusions of the Magistrate Judge.

It is therefore ORDERED that petitioner's motion to donate an organ to a family member (D.E. 32) is denied without prejudice.

The clerk shall enter this order and provide a copy to all parties.

SIGNED and ORDERED this 21st day of August, 2008.

_____
Janis Graham Jack
United States District Judge